**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1281C
(Filed December 14, 2015)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JEROME SMITH,**

           Plaintiff,

v.

**THE UNITED STATES,**

           Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED
DEC 14 2015
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

    On December 8, 2015, the Clerk's office received a package from Mr. Smith, which was not filed at that time because it was not in a recognizable form for filing. Included in this packet were documents from the United States District Court of the Eastern District of California regarding how to file a complaint in that court; a receipt from a cash withdrawal from Mr. Smith's bank, on which he scrawled concerns that a misprinted credit card was incorrectly given his bank account number; and three credit cards in someone else's name. It is not clear if Mr. Smith was trying to amend his complaint with the notations on the receipt, and the only reference to the government is a cryptic phrase including "[a]n FBI and LDS ID theft case."

    This unusual submission has prompted the Court to review the documents filed as the complaint. These mainly consisted of mostly illegible handwritten notes on the forms that our court's Staff Attorney Office provided plaintiff to assist him in filing a complaint with our court. As much as his handwriting can be deciphered, plaintiff's complaint seems to be that he cannot access money easily, perhaps because he has lost his credit cards or due to the illiquidity of his alleged assets. He also mentions in passing that he has copyrighted a transit symbol.

    Subject-matter jurisdiction can be challenged by the parties at any time, or by the court itself. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Court of Federal Claims (RCFC). When questioning whether subject-matter jurisdiction exists, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Shearin v. United States,* 992 F.2d 1195, 1195–96 (Fed. Cir. 1993). The documents treated as Mr. Smith's complaint do not appear to contain any factual allegations concerning the United States government, much less anything related to our subject-matter jurisdiction. Plaintiff did not allege a contract with the federal government, a right under a statute mandating compensation from the federal government, or any other basis for jurisdiction. *See* 28 U.S.C. § 1491.

This case is accordingly **DISMISSED**, under RCFC 12(h)(3), for lack of subject-matter jurisdiction. The Clerk's office shall close the case and return to Mr. Smith the receipt and other documents received on December 8, 2015. Concerning the credit cards, since they were not in plaintiff's name, the Clerk's office has contacted the respective companies, confirmed the accounts are closed, and destroyed the cards. Considering the confused nature of the papers filed as the complaint, it appears that plaintiff does not understand our court's jurisdiction or purpose. Mister Smith's comments on the *in forma pauperis* forms he submitted suggest that he did not even know that a filing fee is required to proceed in our court. Under these circumstances and in light of the dismissal, the Court concludes that the filing fee for this matter should be waived.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge